THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL ECKSON, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDNA CLARK, Also Known as EDNA SPENCER, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, entered August 2, 1976, which, after a hearing, granted defendants' motion to suppress certain physical evidence. Order reversed, on the law and the facts, and motion denied. The police officer observed the defendant Eckson enter a check cashing facility. Through the plate glass window, he saw the defendant hand two papers to the teller. They engaged in a brief conversation and the teller then spoke to another person behind a desk. He then turned back to the defendant and shook his head in a negative fashion and returned the papers to the defendant who left the store. The officer then entered the store and asked the teller whether the defendant had been trying to pass "bad paper". The teller told him that the defendant was Black and had tried to

cash a check payable to a person with an Italian name and had presented an identification card with the same Italian name. Furthermore, the check was drawn on the payroll account of Starrett City and the teller was familiar with most of the regular employees who cashed their checks there but did not recognize the defendant. The officer then went to the parking lot where he saw the defendant in a car. He approached Eckson, who was in the driver's seat, and asked for identification. When Eckson fumbled for a moment and did not produce his license or registration as requested, the officer asked him where the check was that he had tried to cash. Eckson replied: "What check?". At that point the officer asked him to get out of the car and frisked him. He found several bullets and the identification card. He then placed the defendant Eckson under arrest and proceeded to search the trunk, where he found a revolver and several items of drug paraphernalia. After a further unsuccessful search for the check, Eckson told defendant Clark, who had been with him in the car, that if she had the check she should turn it over to the police. Clark then removed the check from under her clothing. On these facts, the police had not only observed the conduct of the defendant Eckson, but had inquired of the teller and had been given sufficient information to justify an inquiry of him (see *People v De Bour,* 40 NY2d 210; *People v Rosemond,* 26 NY2d 101). It was only after Eckson denied knowledge of a check which the officer knew was in existence and had been in the defendant's possession that Eckson was arrested. Having found the bullets, the police were justified in making a further search for the gun. In addition, the check could easily have been secreted (as it was) or destroyed further justifying the search of the vehicle. The arrest was lawful and the items recovered were incidental thereto. Hopkins, J. P., Rabin, Hawkins and O'Connor, JJ., concur.